IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2197-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | FINDINGS OF FACT |
| ) | AND CONCLUSIONS OF LAW |
| CLIFFORD JOHN BEGAY, ) | |
| ) | |
| Respondent. ) | |

Petitioner (the government) instituted this civil action pursuant to Title 18 of the United States Code, Section 4248(a), seeking to commit Respondent Clifford John Begay (Respondent or Mr. Begay) as a "sexually dangerous person" pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act or the Act). The government filed a certificate stating that mental health personnel for the Federal Bureau of Prisons (BOP) examined Respondent and issued a preliminary determination that he is sexually dangerous within the meaning of the Act [DE 1]. Such certificate stayed Respondent's release from federal custody pending a hearing to determine whether Respondent qualifies for commitment as a sexually dangerous person. The government's petition was filed on October 12, 2011; Respondent was scheduled to be released October 19, 2011.

On July 2 and 3, 2012, the Court conducted an evidentiary hearing in this matter pursuant to 18 U.S.C. § 4247(d). The parties filed proposed findings of fact and conclusions of law on July 17, 2012. Pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, and after due consideration of the evidence presented and argument of counsel, the Court *adopts* the following

portions of Respondent's Findings of Fact and Conclusions of Law (Findings), as filed on July 17, 2012 [DE 31], and incorporates those portions as if they were fully set forth herein: § I and § II (excluding n. 8). The Court now holds that the government has failed to satisfy its burden to show by clear and convincing evidence that Respondent is sexually dangerous to others as defined by the Adam Walsh Act.

## DISCUSSION

To order the commitment of a respondent pursuant to § 4248, a court must conclude, after an evidentiary hearing at which the government bears the burden of proof by clear and convincing evidence, that the respondent is a "sexually dangerous person" as defined by the Act. The government must show that (1) the respondent "has engaged in or attempted to engage in sexually violent conduct or child molestation" and (2) that the respondent "suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4248(d). "[C]lear and convincing has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly probable." *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 450 (4th Cir. 2001) (internal quotation marks, citations, and alterations omitted); *see also Addington v. Texas*, 441 U.S. 418, 423-24 (1979) (noting that the "clear and convincing" standard of proof is an "intermediate standard" that falls between a "mere preponderance of the evidence" and "beyond a reasonable doubt"). If the court finds that the government has satisfied its burden, the individual must be committed to a suitable facility for mental treatment until he is determined to no longer be

sexually dangerous to others. 18 U.S.C. § 4248(d).

**1. *Whether Respondent has engaged or attempted to engage in sexually violent conduct or child molestation***

The Court finds that the government has established by clear and convincing evidence that Mr. Begay has engaged or attempted to engage in sexually violent conduct or child molestation in the past. Mr. Begay does not contest such a finding. Resp't Findings at ¶ 9.

**2. *Whether Respondent currently suffers from a serious mental illness, abnormality, or disorder***

The Court finds that the government has failed to establish by clear and convincing evidence that Mr. Begay currently suffers from a serious mental illness, abnormality, or disorder.

Three experts testified and offered opinion evidence with regard to Mr. Begay, and there was no consensus among the three experts as to a single current diagnosis of a serious mental disorder as described in the Adam Walsh Act.[1] At the outset, the Court notes that it attributes little weight to the report of Dr. Gray submitted by the government. Pet'r Ex. 18. Dr. Gray's psychophisiological evaluation and treatment plan was conducted in 2004 and, due to the passage of time, has less bearing on these proceedings than the more current psychological assessments. Furthermore, Dr. Gray's report was completed in a clinical rather than forensic setting.

Mr. Begay was diagnosed by the government's testifying experts with the following serious mental disorders: paraphilia not otherwise specified and antisocial personality disorder with borderline features by Dr. Gutierrez, Pet'r Ex. 3 at 14, and antisocial personality disorder

---

[1] The Adam Walsh Act requires that a respondent currently suffer from a serious mental illness, abnormality, or disorder. For the purposes of these findings and the sake of brevity, the Court will refer only to a serious mental disorder.

3

with borderline features by Dr. North, Pet'r Ex. 1 at 30. Dr. Plaud, Respondent's expert, found that Mr. Begay does not currently suffer from a serious mental disorder. Plaud Report [DE 18-2] at 2.

*Paraphilia NOS*

Paraphilia not otherwise specified, or paraphilia NOS, is a diagnosis provided for by the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision* ("DSM-IV-TR"). The general diagnostic criteria of a paraphilia require that a person demonstrate "recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving" nonhuman objects, suffering or humiliation, or children or other nonconsenting persons. DSM-IV-TR at 566; Pet'r Ex. 3 at 11. Paraphilia NOS has been described as a "catch-all" diagnostic category, provided to be applied to paraphilias that do not meet the criteria for any specified categories, such as less frequently observed paraphilias including telephone scatalogia, necrophilia, and zoophilia. Plaud Report [DE 18-2] at 10; DSM-IV-TR at 567, 576. The DSM-IV-TR entry for paraphilia NOS contains none of its own diagnostic criteria. DSM-IV-TR at 576.

Dr. Gutierrez bases his diagnosis of paraphilia NOS on Mr. Begay's history of sexual behaviors with children and nonconsenting persons. Dr. Gutierrez does not include in his basis for diagnosis any discussion or notation of current evidence of recurrent, intense, sexually arousing fantasies, urges, or behaviors. Nor does Dr. Gutierrez appear to have measured or tempered his reliance on reports of un-charged or un-adjudicated conduct. Furthermore, Dr. Gutierrez testified that he based much of his report Dr. Gray's evaluation performed in 2004.

Dr. North opined, however, that "there is nothing in the records to conclusively suggest

4

that [Mr. Begay] is *aroused* by forcing sex with women." Pet'r Ex. 1 at 30. Dr. Plaud also opined that the data available to him "does not substantiate a professional finding that Mr. Begay meets the diagnostic criteria . . . for a mental disorder that is paraphilic in nature." Plaud Report [DE 18-2] at 10. Further, Dr. Plaud also noted untempered reliance on past un-charged and un-adjudicated conduct for the purposes of a present-day diagnosis is suspect at best. Plaud Report [DE 18-2] at 2. As the Court has already noted that it places little weight on Dr. Gray's evaluation, and in light of the lack of evidence that Mr. Begay experienced or experiences recurrent or intense sexually arousing fantasies or behaviors, the Court credits the opinions of Drs. North and Plaud who found that Mr. Begay does not currently suffer from any paraphilia, including paraphilia NOS.[2]

*Antisocial Personality Disorder*

Both of the government's testifying experts diagnosed Mr. Begay with antisocial personality disorder with borderline features. Personality disorders concern patterns of inner experience and behavior that deviate markedly from the expectations of the individual's culture. DSM-IV-TR at 685; Pet'r Ex. 3 at 12. Antisocial personality disorder is defined as "a pervasive pattern of disregard for and violation of the rights of others occurring since age 15 years." Pet'r Ex. 1 at 28; DMS-IV-TR at 701. Drs. North and Gutierrez also noted features of borderline personality disorder, including affective instability due to a marked reactivity of mood, recurrent suicidal behavior, and impulsivity in at least two areas that are potentially self-damaging. Pet'r Ex. 1 at 29; Pet'r Ex. 3 at 12. In diagnosing a personality disorder, a practitioner must find that

---

[2]The Court notes that, although there is evidence in the record of un-adjudicated conduct involving minors, none of the experts opined that Mr. Begay suffered or suffers from pedophilia. Pet'r Ex. 1 at 11; Pet'r Ex. 3 at 12; Plaud Report [DE 18-2] at 10.

5

the enduring pattern is not better accounted for as a manifestation or consequence of another mental disorder. DSM-IV-TR at 689.

Dr. Plaud testified that the behaviors that form the basis for Drs. North and Gutierrez's diagnosis of antisocial personality disorder are better explained by Mr. Begay's maladaptive upbringing and early onset of substance abuse that continued into adulthood. Although Dr. North testified that Mr. Begay's antisocial personality behaviors predated his alcoholism, Dr. Plaud observed that Mr. Begay began drinking at the early age of ten, one year before the first of the un-charged conduct that appears in the government's timeline of Mr. Begay's offense history. The Court does not find that a clear enough distinction has been made by Drs. North and Gutierrez between Mr. Begay's substance abuse and his antisocial behaviors to support a finding that Mr. Begay suffers from antisocial personality disorder. The Court therefore credits Dr. Plaud's assessment with regard to this issue.

In light of the conflicting opinion of Dr. Plaud with regard to Mr. Begay's diagnosis of antisocial personality disorder and his testimony regarding the same, the Court finds that the government has failed to provide evidence of such weight that the Court holds a firm belief or conviction that Mr. Begay has appropriately been diagnosed with antisocial personality disorder with borderline features.

Furthermore, the goal of § 4248 is to isolate *sexually* dangerous offenders. Even if Mr. Begay has appropriately been diagnosed with antisocial personality disorder, the Court is reluctant find that, in this instance where there is no companion diagnosis of a sexual disorder or paraphilia, a diagnosis of antisocial personality disorder, alone, rises to the level of a serious mental disorder that is a sufficient basis upon which to predicate civil commitment under the

Adam Walsh Act.

*Alcohol and Cannabis Dependence*

Each of the testifying experts opined that Mr. Begay either currently suffers from alcohol and cannabis dependence or that he suffers from such dependencies but is in remission due to his being in a controlled environment. Pet'r Ex. 1 at 27; Pet'r Ex. 3 at 11; Plaud Report [DE 18-2] at 11. None of the experts, however, opined that either alcohol dependence or cannabis dependence constitutes a serious mental disorder for purposes of the Adam Walsh Act. Pet'r Ex. 1 at 27; Pet'r Ex. 3 at 14; Plaud Report [DE 18-2] at 2.[3] Accordingly, the Court finds that the government has not shown by clear and convincing evidence that Mr. Begay's alcohol and cannabis dependence constitute serious mental disorders.

In light of the foregoing, the Court credits the opinion of Dr. Plaud, who opined in this matter that Mr. Begay does not currently suffer from a serious mental disorder.

**3. Whether, as a result of the illness, abnormality, or disorder, Respondent would have serious difficulty in refraining from sexually violent conduct or child molestation if released**

Because the Court has found that the government has failed to show by clear and convincing evidence that Mr. Begay currently suffers from a serious mental disorder, dismissal of this action is required. *United States v. Francis*, ___ F.3d ___; 2012 WL 2877669 *7 (4th Cir. July 16, 2012). However, even assuming, *arguendo*, that Mr. Begay's diagnosis of antisocial

---

[3]At the hearing, Dr. Gutierrez testified that all three of his applied diagnoses could qualify as serious mental disorders. Insofar as his testimony at the hearing would support a contention that alcohol and cannabis dependence qualify as serious mental disorders in this instance, the Court credits the opinions of Drs. North and Plaud and finds that they do not. To find to the contrary may well test the limits of what Congress contemplated when requiring that a § 4248 respondent suffer from a *serious* mental disorder.

7

personality disorder with borderline features is a serious mental disorder, in combination with substance dependence or alone, the government has not shown by clear and convincing evidence that Mr. Begay would have serious difficulty as a result of that disorder in refraining from sexually violent conduct or child molestation if released.[4]

Dr. North opined that "[w]hile Mr. Begay likes to blame his sexual misconduct on his substance abuse problems, the data indicate that they are more directly the product of his Antisocial Personality Disorder with the substance abuse disorders serving as disinhibitors." Pet'r Ex. 1 at 31. Dr. North further testified at the hearing that, while many alcoholics do not engage in sexually violent acts when they are intoxicated, Mr. Begay is driven by his antisocial personality disorder, such that when he is disinhibited by alcohol consumption his lack of impulse control manifests. Essentially, Dr. North points to the combination of Mr. Begay's personality disorder and his substance abuse disorders as a basis to show that Mr. Begay will have serious difficult refraining from sexually violent conduct if released.[5]

> [I]n cases where lack of control is at issue, the 'inability to control behavior' will not be demonstrable with mathematical precision. It is enough to say that there must be proof of serious difficulty in controlling behavior. And this, when viewed in light of such features of the case as the nature of the psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case.

*Kansas v. Crane*, 534 U.S. 407, 413 (2002).

---

[4] Each of the testifying experts relied, to a greater or lesser degree, on actuarial instruments. The Court adopts Respondent's Findings with regard to the identity of the instruments used and the experts' scores of Mr. Begay on each instrument.

[5] Because none of the experts in this matter diagnosed Mr. Begay with pedophilia, the Court will refer only to "sexually violent conduct" in its discussion here.

8

Notably, at the hearing, Drs. North and Plaud testified that there exists a very low correlation between antisocial personality disorder and sex offense recidivism. Further, Drs. North and Plaud testified that the correlation between substance abuse and sex offense recidivism is virtually non-existent. Dr. North also stated in his report that Mr. Begay has "been intoxicated numerous times without necessarily committing a sexual crime." Pet'r Ex. 1 at 31. As discussed above, 18 U.S.C. § 4248 attempts to isolate *sexually* dangerous persons for commitment. When, as here, there is little statistical evidence to support a correlation between a diagnosed mental disorder and recidivism of a sexual nature, the Court is reluctant to find that the government has carried its burden to show that a respondent will have serious difficulty refraining from sexually violent conduct if released. Additionally, the Court credits Dr. Plaud's findings with regard to Mr. Begay's likelihood of recidivism. Specifically, the Court puts significant weight in Dr. Plaud's conclusion that

> [t]o conclude that [Mr. Begay] is a sexually dangerous person, one must be able to make the connection, first that he will relapse using substances, and then as a consequence of this relapse have further difficulties controlling (specifically) his sexual impulses. That leap of future analysis is far too great to substantiate sexual dangerousness in the future absent great error in affirmative prediction.

Plaud Report [DE 18-2] at 2-3.

Finally, the Court credits the testimony of Mr. Begay. Mr. Begay stated that he feels that he has changed during his period of incarceration, that he recognizes that he has lost half of his life to alcohol, and that he understands that he needs alcohol treatment. The Court finds Mr. Begay's testimony to have been sincere and credible, and accordingly places appropriate weight on Mr. Begay's statements.

In light of the above, the Court finds that the government has not shown by clear and

9

convincing evidence that, assuming *arguendo* that Mr. Begay currently suffers from a serious mental disorder, he would have serious difficulty refraining from sexually violent conduct if released. Accordingly, though it finds that the government has met its burden at step one, and even if it assumes, *arguendo*, that the government has met its burden at step two of the inquiry, the Court finds that the government has failed to show by clear and convincing evidence that Mr. Begay would have serious difficulty in refraining from sexually violent conduct or child molestation if released. The government has not met its burden, therefore, to show that Mr. Begay is sexually dangerous to others as defined by the Adam Walsh Act.

## CONCLUSION

Accordingly, the Clerk is DIRECTED to enter judgment in favor of the Respondent Clifford John Begay and against the Petitioner. The government is ORDERED to release the Respondent to the custody of the appropriate United States Probation Office and this action is hereby DISMISSED.

SO ORDERED. This 24 day of July, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE